**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| EDWAN THURMOND, | ) | |
| | ) | 3:11-cv-00100-RCJ-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| DARIN COOL, | ) | |
| | ) | |
| Defendant. | ) | November 29, 2012 |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion for summary judgment (#29).[1] Plaintiff opposed (#34) and defendant replied (#36). The court has thoroughly reviewed the record and recommends that defendant's motion for summary judgment (#29) be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Edwan Thurmond ("plaintiff"), a *pro se* inmate, is currently incarcerated at Lovelock Correctional Center in the custody of the Nevada Department of Corrections ("NDOC") (#4). However, the allegations set forth in plaintiff's complaint pertain to events which occurred while plaintiff was an inmate at High Desert State Prison ("HDSP"). On April 6, 2011, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging defendant Darin Cool confiscated and destroyed plaintiff's legal materials, in violation of his Fourteenth Amendment right to due process, Fourteenth Amendment right to equal protection, and First Amendment right to

---

[1] Refers to the court's docket numbers.

access the court (#4, p. 4). The court screened the complaint pursuant to 28 U.S.C. § 1915A, and permitted plaintiff's First Amendment claim for access to the courts to proceed (#7, p. 7).

Plaintiff alleges the following: on July 28, 2008, he was transferred to HDSP (#4, p. 4). Upon arrival, defendant Cool searched plaintiff's property and confiscated several items, including three compact discs ("CDs"), which plaintiff alleges contained his legal materials. *Id.* On July 29, 2008, plaintiff filed a grievance protesting the confiscation of his legal materials. *Id.* at 5. In December of 2008, plaintiff received an unauthorized property notification, which informed him that his legal materials had been destroyed on November 18, 2008. *Id.* at 6.

Plaintiff asserts that the three CDs contained evidence of plaintiff's actual innocence. *Id.* at 5. Plaintiff also asserts that defendant Cool's actions forced plaintiff to complete his petition for writ of habeas corpus without the necessary legal materials contained on the CDs; and as a result, habeas relief was denied by the state trial court. *Id.* Plaintiff alleges that he continued to request the return of his legal CDs to assist him in preparing an appeal to the Nevada Supreme Court, but his request was refused. *Id.* The Nevada Supreme Court subsequently affirmed the state trial court's order denying habeas relief. *Id.* at 6. As compensation for defendant Cool's actions, plaintiff requests one million dollars in compensatory damages, ten thousand dollars in nominal damages, and one hundred thousand dollars in punitive damages. *Id.* at 8.

Defendant alleges the following: on April 6, 2005, plaintiff was convicted of three counts of robbery with the use of a deadly weapon and two counts of conspiracy to commit robbery (#29-1, Ex. A, p. 2). Plaintiff was sentenced to twelve to forty-two years in prison. *Id.* On October 2, 2007, plaintiff filed a post-conviction petition for writ of habeas corpus in the state trial court (#29-1, Ex. A, p. 4). On April 3, 2008, after conducting an evidentiary hearing, the state trial court denied

plaintiff's petition. *Id.* Thereafter, plaintiff filed an appeal with the Nevada Supreme Court.[2] *Id.* On June 5, 2009, the Nevada Supreme Court affirmed the state trial court's order denying plaintiff's petition for writ of habeas corpus (#29-1, Ex. A).

On July 29, 2008, plaintiff was transferred from Nevada State Prison ("NSP") to HDSP (#29-2, Ex. B, p. 2). Upon plaintiff's arrival at HDSP, defendant Cool searched plaintiff's property and identified several items that he believed were unauthorized, including "3 copy's [sic] of CD's [sic]" (#29-2, Ex. C, p. 5; Ex. G, ¶ 4). Defendant Cool states that the CDs were rewritable; they were not labelled as legal CDs; and they were not found inside plaintiff's legal box (#29-2, Ex. G, ¶ 5). Defendant Cool also contends that plaintiff refused to sign the unauthorized property notification. *Id.* at 6. On November 18, 2008, defendant Cool destroyed plaintiff's CDs, along with other unauthorized property, pursuant to HDSP's Operational Procedure 710.[3] *Id.* at 9.

Defendant now moves for summary judgment on these grounds: (1) plaintiff's First Amendment claim for access to the courts must be denied as a matter of law (#29, p. 5); (2) even if this court concludes that defendant violated plaintiff's First Amendment rights, defendant is entitled to qualified immunity (#29, pp. 7-8); and (3) defendant cannot be sued in his official capacity (#29, p. 8). Defendant attaches several documents to support his motion for summary judgment, including: (1) a certified copy of the Nevada Supreme Court's June 5, 2009, order of affirmance and related documents (#29-1, Ex. A, pp. 2-81); (2) plaintiff's movement history report (#29-2, Ex. B,

---

[2] The record does not indicate when plaintiff's appellate brief was filed.

[3] HDSP's Operations Procedure 710.01(6) provides that unauthorized property may be confiscated (#29-2, Ex. D, p. 8). In the event an inmate's property is confiscated, NDOC will provide the inmate with three choices: (1) ship or mail the unauthorized property at the inmate's expense; (2) have the property destroyed by the property officer; or (3) donate the property to charity (#29-2, Ex. C, p. 5). If the inmate does not make an election, the property will be stored for thirty days and then destroyed. *Id.*

pp. 2-3);[4] (3) plaintiff's unauthorized property notification (#29-2, Ex. C, p. 5);[5] (4) HDSP's Operations Procedure 710 (#29-2, Ex. D, pp. 7-32);[6] (5) plaintiff's January 27, 2008, inmate inventory transfer (#29-2, Ex. E, p. 34);[7] (6) plaintiff's June 18, 2008, inmate inventory transfer (#29-2, Ex. F, p. 36);[8] and (7) the declaration of Darin Cool (#29-2, Ex. G, pp. 38-39).

Although plaintiff filed an opposition, he does not respond to defendant's arguments (#34). Instead, plaintiff appears to rehash his dismissed Fourteenth Amendment due process claim, as follows:

> The defendant and his representation is attempting to confuse the court by alluding to constitutional implications such as "access-to-the-court(s)" [sic] despite the respondent-movant stating the defendant destroyed the plaintiff's property without justification or authorization.

*Id.* at 2.

The court is aware that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.   Legal Standards**

**1.   42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290

---

[4] Authenticated by the declaration of Quentin Byrne (#29, p. 12).
[5] Authenticated by the declaration of Quentin Byrne (#29, p. 12).
[6] Authenticated by the declaration of Susan Gilkerson (#29, p. 14).
[7] Authenticated by the declaration of Quentin Byrne (#29, p. 12).
[8] Authenticated by the declaration of Quentin Byrne (#29, p. 13).

-4-

(1999). Section 1983 does not offer any substantive rights, but provides procedural protections for federal rights granted elsewhere. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To prove liability under § 1983, a plaintiff must: (1) show that a person acting under color of state law engaged in some type of conduct, which (2) deprived the plaintiff of some right, privilege or immunity secured by the Constitution or federal statutory law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

**2.  Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where there are no factual disputes. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court will grant summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citations omitted). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d

764, 773-74 (9th Cir. 2002). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

On summary judgment the court is not to weigh the evidence or determine the truth of the matters asserted, but must only determine whether there is a genuine issue of material fact that must be resolved by trial. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment motion. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**B.     Analysis**

Defendant contends that he is entitled to summary judgment in his favor because: (1) plaintiff cannot prove that the three CDs contained relevant, exculpatory material that would have supported a "non-frivolous" or "arguable" claim; (2) plaintiff cannot demonstrate actual injury because the CDs were in his possession when plaintiff filed his petition for writ of habeas corpus in 2007 and when the habeas petition was denied in 2008; (3) plaintiff never produced the contents of the alleged legal CDs to the state trial court or the Nevada Supreme Court (#29, p. 8; #36, p. 4); and (4) plaintiff does not request an appropriate remedy (#29, p. 6).

    **1.     First Amendment Right to Access the Courts**

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*,

518 U.S. at 354. Courts traditionally differentiate between two types of access to court claims: those involving a prisoner's right to *affirmative assistance* and those involving a prisoner's right to litigate *without active interference*. Silva v. DiVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011).

With respect to a prisoner's right to affirmative assistance, the United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Lewis*, 518 U.S. at 355; *Wolff v. McDonnell*, 418 U.S. 539, 579-80 (1974); *Johnson v. Avery*, 393 U.S. 483, 490 (1969). However, the right to litigation assistance is limited to the right to bring a direct criminal appeal, a habeas corpus petition, or a civil rights complaint. *See Lewis*, 518 U.S. at 354-55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). "[T]he [U.S.] Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a *habeas* or civil rights action."[9] *Cornett*, 51 F.3d at 898-99.

With respect to a prisoner's right to litigate without active interference, the United States Supreme Court has held that "the First Amendment right to petition the government includes the right to file other civil actions in court that have a reasonable basis in law or fact." *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004) (citing *McDonald v. Smith*, 472 U.S. 479, 484 (1985)). This right does not require prison officials to provide affirmative assistance in the preparation of legal papers, but rather forbids states from "erect[ing] barriers that impede the right of access of incarcerated persons." *DiVittorio*, 658 F.3d at 1102 (citing *John L. v. Adams*, 969 F.2d 228, 235 (6th Cir. 1992)).

---

[9] The "pleading stage" includes the complaint and answer, but also the prisoner-plaintiff's "reply to an answer," his "reply to a counterclaim" and his "answer to a cross-claim." *Cornett*, 51 F.3d at 899. Thus the "pleading stage" encompasses the preparation of a complaint and the preparation of any filings necessary to "rebut the State's arguments when a court determines that a rebuttal would be of assistance." *Id.*

Thus, aside from a prisoner's affirmative right to access the tools necessary to challenge his sentence or the conditions of his confinement, prisoners also have the right "to pursue legal redress for claims that have a reasonable basis in law or fact" without undue interference from the state. *Divittorio*, 658 F.3d at 1103 (citing *Snyder*, 380 F.3d at 291 (internal citation omitted)). This right extends beyond the pleading stages. *Divittorio*, 658 F.3d at 1103 (citations omitted) ("[U]nder the First Amendment, prisoners have the right to challenge their sentences or the conditions of their confinement to conclusion without active interference by prison officials.").

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as the claim at issue here, the prisoner-plaintiff must show: "1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); *see also Christopher*, 536 U.S. at 415. The prisoner-plaintiff must establish that he or she has suffered an actual injury—a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Lewis*, 518 U.S. at 349 n.1 (citation omitted). Actual injury will exist only if a non-frivolous legal claim was frustrated or impeded. *See id.* at 353 n.3 ("Not everyone who can point to some 'concrete' act and is 'adverse' can call in the courts to examine the propriety of executive action, but only someone who has been *actually injured.* Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all . . . ."); *see*

*also Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (explaining that the failure to show that a non-frivolous legal claim has been frustrated is fatal to a claim for denial of access to the courts) (citation omitted)).

Defendant argues that plaintiff cannot show that he suffered an actual injury by the destruction of his alleged legal CDs (#29, p. 6). Defendant contends that plaintiff's CDs were not destroyed until November 18, 2008—"after plaintiff filed his appeals through the state district court and Nevada Supreme Court." *Id.* In other words, defendant contends that plaintiff possessed his legal CDs during his habeas corpus proceedings, but did not produce their content, and did not inform the court of the existence of any material which makes "a prima facie showing of actual innocence." *Id.*

The record before the court indicates that plaintiff possessed four CDs on January 27, 2008 and on June 18, 2008 (#29-2, Ex. E, Ex. F). Plaintiff's post-conviction petition for writ of habeas corpus was filed on October 2, 2007, and the state trial court issued its decision on April 3, 2008. Therefore, assuming that the CDs listed on plaintiff's inmate inventory transfer sheets are the alleged legal CDs at issue in this litigation, it appears that plaintiff possessed the CDs during the time period in which his post-conviction writ of habeas corpus was being decided in the state trial court. Although it appears from the record that plaintiff had not yet filed his habeas appeal with the Nevada Supreme Court when his alleged legal CDs were confiscated,[10] this court finds that plaintiff has produced no evidence to suggest that the CDs contained relevant, exculpatory material that would have supported a non-frivolous or arguable underlying claim. *See Lewis*, 519 U.S. at 353. Plaintiff alleges that the CDs contained evidence of his actual innocence, but does not even hint at what this

---

[10] On November 11, 2008, plaintiff submitted a document to the Nevada Supreme Court, stating that he had not yet received a copy of the transcripts from his state trial court evidentiary hearing, so he could not yet "perfect his appeal" (#29-1, Ex. A, p. 39).

exculpatory evidence might be (#4, p. 5). Because plaintiff has failed to allege the loss of a non-frivolous or arguable underlying claim, this court finds that plaintiff has not established that he has suffered an actual injury; and thus, cannot prevail on his First Amendment claim for access to the courts.[11] *See Celotex*, 477 U.S. at 322-23 (summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial). While the court must construe plaintiff's complaint liberally, it cannot supply missing elements from plaintiff's claim that were not initially pled. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).[12]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendant is entitled to summary judgment in his favor, as there are no genuine issues of material fact for trial. Therefore, the court recommends that defendant's motion for summary judgment (#29) be **GRANTED** in its entirety. The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

---

[11] Further, the record reflects that plaintiff did not raise any issues related to exculpatory evidence in his petition for writ of habeas corpus, but instead raised thirteen claims of ineffective assistance of appellate counsel that were unrelated to the failure to introduce evidence making "a prima facie showing of actual innocence" (#29-1, Ex. A, pp. 4-14).

[12] The court finds that plaintiff has not presented any genuine issues of material fact. Accordingly, the court does not address the issues of qualified immunity or official capacity.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion for summary judgment (#29) be **GRANTED**.

**DATED:** November 29, 2012.



_____
**UNITED STATES MAGISTRATE JUDGE**